IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al., | § § § § § § § § § § § § | |
| Plaintiffs, | | Civil Action No. 1:18-cv-00500-LY |
| v. | | |
| KEN PAXTON, et al., | | |
| Defendants. | | |

## STATE DEFENDANTS' AND DEFENDANT MILLIKEN'S POSITION REGARDING *JUNE MEDICAL*

Pursuant to the Court's order of February 7, 2020, the State Defendants[1] and Defendant Milliken provide their position on the Court's question regarding whether this action should be stayed pending the Supreme Court's resolution of *June Medical Services, L.L.C. v. Gee*, Nos. 18-1323 & 18-1460. For the reasons described below, the State Defendants and Defendant Milliken do not oppose a stay regarding Counts I,

---

[1] Defendants Ken Paxton, Attorney General of Texas; Dr. Courtney N. Phillips, Executive Commission of the Texas Health and Human Services Commission; Dr. John W. Hellerstedt, Commissioner of the Texas Department of State Health Services; Stephen Brint Carlton, Executive Director of the Texas Medical Board, all sued in their official capacities. Dr. Phillips and Mr. Carlton were not originally named defendants but have been automatically substituted for their predecessors pursuant to Federal Rule of Civil Procedure 25(d).

1

II, and III (Compl. ¶¶ 197-202), as they may be impacted by the Supreme Court's ruling in *June Medical*. The State Defendants and Defendant Milliken do, however, oppose a stay for Counts IV and V (Compl. ¶¶ 203-206), which pertain only to Defendant Millikin and will not be impacted by any ruling in *June Medical*.

## Counts I, II, and III

The Supreme Court granted certiorari on both the petition and conditional cross-petition in *June Medical*, consolidated the cases, and set argument for March 4, 2020. The question presented in the petition filed by June Medical is whether the Fifth Circuit's decision upholding Louisiana's admitting-privileges requirement for abortion providers conflicts with *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016). Thus, in resolving that case, the Supreme Court will interpret abortion precedent, including *Hellerstedt*, and apply the undue-burden standard. The Supreme Court's articulation of that standard is relevant to this Court's determination of whether Plaintiffs in this case have stated an undue-burden claim in Count I (Compl. ¶¶ 197-98) regarding all of the challenged Texas laws. The parties' motion-to-dismiss briefing disputes the proper interpretation of that standard; thus, more clarification from the Supreme Court will be helpful for this Court in resolving the State Defendants' pending motion to dismiss.

The Supreme Court also granted Louisiana's cross-petition in *June Medical*, which presents the issue of whether abortion providers can bring claims on behalf of patients under the third-party standing doctrine. Here, Counts I and II involve third-party claims, as there are no abortion-patient plaintiffs in this case. *See* Compl. ¶¶ 9-

15, ¶¶ 197-200. The State Defendants raised the issue of third-party standing in their motion-to-dismiss briefing. State Defs. Mot. Dismiss 7-14. Thus, the Supreme Court's resolution of that issue is relevant to resolving the State Defendants' pending motion to dismiss.

Although Count III, which is a First Amendment claim (Compl. ¶¶ 201-202), will likely not be impacted by a decision in *June Medical*, it concerns the same defendants and several of the same laws that are challenged in Counts I and II. It would, therefore, be appropriate to treat these three Counts together.

Consequently, the State Defendants and Defendant Milliken do not oppose a stay with respect to Counts I, II, and III pending the Supreme Court's decision in *June Medical*.

## Counts IV and V

The issues expected to be addressed by the Supreme Court in *June Medical* do not affect Counts IV and V, the vagueness and unconstitutional conditions claims brought by Plaintiffs against Defendant Milliken. *See* Compl. ¶¶ 204-206. Those constitutional issues are not part of the *June Medical* litigation, and Plaintiffs do not appear to be bringing third-party claims under these Counts. *June Medical* will, therefore, not aid the Court in reaching a decision on those Counts. As a result, this Court should not wait to resolve the pending motion to dismiss filed by Defendant Milliken. Counts IV and V should be severed or treated separately from the rest of the case, as Defendant Milliken suggested in briefing, *see* Def. Milliken Mot. to Dis-

miss 8 n.2, and as the Court suggested at the hearing last January, with which Plaintiffs appeared to agree, Jan. 7, 2019 Hr'g Tr. at 42:19-43:6. The State Defendants and Defendant Milliken, therefore, oppose a stay with respect to Counts IV and V. Instead, the Court should address Defendant Milliken's motion to dismiss now and grant it for the reasons discussed in Defendant Milliken's briefing.

## Conclusion

For the foregoing reasons, the State Defendants and Defendant Milliken do not oppose staying the case with respect to Counts I, II, and III pending the Supreme Court's decision in *June Medical*. They do oppose, however, staying Counts IV and V, which concern only Defendant Milliken and will not be impacted by the *June Medical* decision.

          Respectfully submitted.

          KEN PAXTON
          Attorney General of Texas

          JEFFREY C. MATEER
          First Assistant Attorney General

          DARREN MCCARTY
          Deputy Attorney General for Civil Litigation

          THOMAS A. ALBRIGHT
          Chief, General Litigation Division

          /s/ Andrew B. Stephens
          ANDREW B. STEPHENS
          Texas Bar No. 24079396
          ADAM A. BIGGS
          Texas Bar No. 24077727
          Assistant Attorneys General
          General Litigation Division

HEATHER GEBELIN HACKER
Texas Bar No. 24103325
BETH KLUSMANN
Texas Bar No. 24036918
Assistant Solicitors General

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendants Ken Paxton, Dr. Courtney Phillips, Dr. John W. Hellerstedt, Stephen Brint Carlton, and James B. Milliken

## CERTIFICATE OF SERVICE

I certify that on February 21, 2020, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
LAW OFFICES OF PATRICK J. O'CONNELL PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Stephanie Toti
stoti@lawyeringproject.org
Amanda Allen
aallen@lawyeringproject.org
Juanluis Rodriguez
prodriguez@lawyeringproject.org
LAWYERING PROJECT
25 Broadway, 9th Floor
New York, NY 10004
(646) 490-1083
Fax: (646) 480-8762

Rupali Sharma
LAWYERING PROJECT
99 Silver St., 4-10
Portland, ME 04101
(908) 930-6445
rsharma@lawyeringproject.org

Dipti Singh
LAWYERING PROJECT
3371 Glendale Blvd. #320
Los Angeles, CA 90039
(646) 480-8973
dsingh@lawyeringproject.org

Leslie W. Dippel
Anthony J. Nelson
Patrick T. Pope
Assistant County Attorneys
TRAVIS COUNTY ATTORNEY
P.O. Box 1748
Austin, TX 78767
(512) 854-9415
Fax: (512) 854-4808
leslie.dippel@traviscountytx.gov


/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General