IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, et al., § § § | |
| Plaintiffs, § § | Civil Action No. 1:18-cv-00500-LY |
| v. § § | |
| KEN PAXTON, et al., § § | |
| Defendants. § | |

## STATE DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DISMISSAL

State Defendants,[1] by and through counsel, hereby respond to Plaintiffs' supplemental briefing in opposition to State Defendants' motion to dismiss. As specified by the Court, this briefing is limited to the issue of how *June Medical Services, LLC v. Gee* impacts this case. *June Medical Services, LLC v. Gee*, Nos. 18-1323, 18-1460, 2020 WL 3492640 (U.S. June 29, 2020). As explained more fully below, *June Medical* confirms that the Court should dismiss this case. Plaintiffs' unprecedented attempt to challenge nearly every single Texas law and regulation related to abortion was premised on Plaintiffs' faulty interpretation of *Whole Woman's*

---

[1] Defendants Ken Paxton, Attorney General of Texas; Dr. Courtney N. Phillips, Executive Commission of the Texas Health and Human Services Commission; Dr. John W. Hellerstedt, Commissioner of the Texas Department of State Health Services; and Stephen Brint Carlton, Executive Director of the Texas Medical Board, all sued in their official capacities. Dr. Phillips and Mr. Carlton were not originally named defendants, but are automatically substituted for their predecessors pursuant to Federal Rule of Civil Procedure 25(d).

1

*Health v. Hellerstedt* as (1) supplanting *Casey's* undue burden test with a freestanding balancing test that merely assesses whether the benefits of a law are outweighed by the burdens it imposes and (2) "abrogating" all prior abortion jurisprudence, which upheld laws like many of those Plaintiffs attempt to challenge here. As State Defendants have argued from the outset, Plaintiffs are wrong on both counts, and *June Medical* provides further confirmation of that.[2] Moreover, *June Medical* does not provide Plaintiffs with a free pass on standing. Plaintiffs still fail to recognize that they are required to include allegations sufficient to establish standing for each law they seek to challenge, and they have failed to do so. The Court should dismiss this case.

**I.     *June Medical* does not provide Plaintiffs with a free pass on standing.**

Even if abortion providers may have standing under the third-party standing doctrine to bring claims that are not their own (and even if they would have standing to do so in the extreme context of this case, where a conflict of interest is plain because plaintiffs ultimately seek to totally deregulate abortion, which is clearly not in their patients' interest and was not considered in *June Medical*), that does not mean that plaintiffs do not have to adequately plead standing under Rule 8. As Plaintiffs acknowledge, in *June Medical*, the State did not dispute the plaintiffs' standing. *June Medical Servs.*, 140 S. Ct. at 2117-20 (plurality). But here, State Defendants do. And

---

[2]Plaintiffs' Complaint was also premised on a third error not directly addressed by *June Medical*, but which has been addressed by the Fifth Circuit: that *Hellerstedt* allows plaintiffs to challenge abortion laws cumulatively rather than individually. *In re Gee*, 941 F.3d 153 (5th Cir. 2019). As the Fifth Circuit already clarified, *Hellerstedt* does no such thing. *Id.*

as the Fifth Circuit already held, abortion plaintiffs, like any other plaintiff, must plead specific facts showing standing to challenge every single law challenged in the complaint. *See In re Gee*, 941 F.3d 153, 159-165 (5th Cir. 2019) (holding that Louisiana district court failed to conduct the proper inquiry into the abortion providers' standing by failing to assess whether the abortion-provider plaintiffs pleaded actual injuries from each of the dozens of laws that they challenged); Defs.' Notice of Supplemental Authority (ECF No. 69). Plaintiffs have fallen far short of that standard, as State Defendants have already explained. Defs.' Mot. To Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 33).

## II.  *June Medical* rejects a freestanding balancing test and confirms that plaintiffs must prove abortion-related laws impose a substantial obstacle to abortion access before a court may enjoin them.

Plaintiffs continue cling to the idea that *Hellerstedt* replaced the substantial obstacle standard established in *Casey* with a balancing test weighing benefits and burdens. But they rely on the plurality opinion in *June Medical*, which is not the controlling opinion. As the Eighth Circuit just confirmed, Chief Justice Roberts' concurrence is the controlling opinion under the well-established rule from *Marks v. United States. Hopkins v. Jegley, et al.*, No. 17-2879 (8th Cir. Aug. 7, 2020). And the Supreme Court confirmed that itself by granting, vacating and remanding in light of *June Medical* two cases from the Seventh Circuit that applied a balancing test. *See* Order List, 591 U.S. ___ (July 2, 2020) (GVRing No. 18-1019, *Box v. Planned Parenthood*, and No. 19-816, *Box v. Planned Parenthood*, "for further consideration in light of" *June Medical*).

The Chief Justice's opinion confirms that *Hellerstedt* did not overrule *Casey* nor supplant *Casey's* undue burden test. The key *Casey* inquiry, he explained, is whether the law imposes a substantial obstacle. *June Medical* at *24. Drawing on *Casey*, the Chief Justice demonstrated that it is not enough to show merely that a law imposes some "burden" on abortion access, or that a regulation makes it more difficult or expensive for a woman to obtain an abortion. *Id*. at *24-25. Rather, "the *only* question for a court is whether a law has the 'effect of placing a substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus.'" *Id*. at *25 (emphasis added) (quoting *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 877 (1992)).

*June Medical* further confirms that the Court's post-*Casey* decisions, including *Hellerstedt*, neither altered *Casey's* undue-burden standard nor replaced it with a freestanding benefits-and-burdens balancing test. 2020 WL 2492640 at *26. Justice Kavanaugh noted explicitly that "five Members of the Court reject the *Whole Woman's Health* cost-benefit standard." *June Med.*, 2020 WL 3492640, at *63 (Kavanaugh, J., dissenting). *June Medical* leaves no doubt that there is no freestanding balancing test and that abortion-provider plaintiffs must plead and prove that the challenged laws impose a substantial obstacle to abortion access.

## III. June Medical confirms that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiffs' Complaint fails to plead how each of the challenged laws imposes a substantial obstacle to abortion access. Rather, Plaintiffs have attempted to challenge dozens of abortion laws and regulations based on vague assertions regarding the number and geographic distribution of abortion providers, longer wait times for

4

appointments, and other delays and travel distances.  Plaintiffs, however, do not allege how any specific challenged law imposes a substantial obstacle to abortion access or how any challenged law relates to any of the alleged obstacles. A complaint that challenges dozens of abortion laws and regulations without alleging how each law imposes a substantial obstacle on abortion access cannot survive under Fed. R. Civ. P. 12(b)(6).

Plaintiffs' Complaint also fails to state a claim because many of their claims are barred by prior precedent.  Even if Plaintiffs are attempting to ask the Court to revisit prior precedent, they have not identified any new or different facts that would lead to a different outcome. Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6) as to any of the laws and regulations that have been previously upheld by prior precedent.

## CONCLUSION

Pursuant to the authority discussed above and the arguments already briefed, the Court should grant the State Defendants' motion and dismiss plaintiffs' case in its entirety.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Texas Bar No. 24103325
BETH KLUSMANN
Texas Bar No. 24036918
Assistant Solicitors General

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendants Ken Paxton, Dr. Courtney Phillips, Dr. John W. Hellerstedt, and Stephen Brint Carlton

# CERTIFICATE OF SERVICE

I certify that on August 13, 2020, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
LAW OFFICES OF PATRICK J. O'CONNELL PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Stephanie Toti
stoti@lawyeringproject.org
Amanda Allen
aallen@lawyeringproject.org
Juanluis Rodriguez
prodriguez@lawyeringproject.org
LAWYERING PROJECT
25 Broadway, 9th Floor
New York, NY 10004
(646) 490-1083
Fax: (646) 480-8762

Rupali Sharma
LAWYERING PROJECT
99 Silver St., 4-10
Portland, ME 04101
(908) 930-6445
rsharma@lawyeringproject.org

Dipti Singh
LAWYERING PROJECT
3371 Glendale Blvd. #320
Los Angeles, CA 90039
(646) 480-8973
dsingh@lawyeringproject.org

Leslie W. Dippel
Anthony J. Nelson
Patrick T. Pope
Assistant County Attorneys
TRAVIS COUNTY ATTORNEY
P.O. Box 1748
Austin, TX 78767
(512) 854-9415
Fax: (512) 854-4808
leslie.dippel@traviscountytx.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
    Assistant Attorney General