**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE; *et al.*, | ) ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| | ) | CASE NO. 1:18-CV-00500-LY |
| v. | ) | |
| | ) | |
| KEN PAXTON, Attorney General of Texas, in his official capacity; *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENTAL REPLY IN OPPOSITION TO THE MOTION TO DISMISS BY DEFENDANTS PAXTON, YOUNG, HELLERSTEDT, AND FRESHOUR**

Plaintiffs respectfully submit this reply to the State Defendants' Supplemental Brief in Support of Dismissal (ECF No. 85) ("Defs.' Suppl. Br.") to address two issues that brief raises.

First, Defendants' reliance on the Eighth Circuit's decision in *Hopkins v. Jegley*, No. 17-2879, 2020 WL 4557687 (8th Cir. Aug. 7, 2020) (per curiam), is misplaced.  *See* Defs.' Suppl. Br. at 3.  In concluding that Chief Justice Roberts' concurring opinion in *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103, 2133-42 (2020) (Roberts, C.J., concurring), is controlling under *Marks v. United States*, 430 U.S. 188 (1977), the Eighth Circuit failed to apply the test that Fifth Circuit precedent requires.  The Fifth Circuit has held that the *Marks* rule "is only workable where there is some 'common denominator upon which all of the justices of the majority can agree.'"  *United States v. Duron-Caldera*, 737 F.3d 988, 994 n.4 (5th Cir. 2013) (internal citation omitted).[1]  Where none of the opinions concurring in the judgment "can be viewed as a logical subset of the other[s]," the case "does not provide a controlling rule."  *Id.*  Because *June Medical Services*' plurality and concurrence disagree on how to determine whether a law's burdens are unconstitutional—and specifically on whether a balancing of burdens and benefits is required or even permitted, *compare* 140 S. Ct. at 2120 (plurality), *with id.* at 2138-39 (Roberts, C.J., concurring)—the opinions lack a common denominator regarding this issue, and neither is controlling.  Accordingly, this Court must look directly to *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2300, 2309-10 (2016), the Supreme Court's most recent majority opinion concerning application of the undue burden standard, for the rule to be applied in future cases.

---

[1] Defendants and *Hopkins* rely on Justice Kavanaugh's statement in dissent that "'five Members of the Court reject[ed] the *Whole Woman's Health* cost-benefit standard,'" citing the concurrence and four dissents. Defs.' Suppl. Br. at 4 (citing *June Med. Servs.*, 140 S. Ct. at 2182 (Kavanaugh, J., dissenting)); *Hopkins*, 2020 WL 4557687, at *2 (same).  But dissents cannot create a controlling opinion.  *See* Pls.' Suppl. Resp. in Opp'n to the Mot. to Dismiss by Defs. Paxton, Young, Hellerstedt & Freshour (ECF No. 84) at 5 n.3.

Second, Defendants incorrectly assert that the Supreme Court's action in granting, vacating, and remanding ("GVRing") a pair of Seventh Circuit cases for further consideration in light of *June Medical Services* is akin to holding that those cases were wrongly decided. *See* Defs.' Suppl. Br. at 3.  It is well settled that a GVR order is not a decision on the merits.  *Kenemore v. Roy*, 690 F.3d 639, 641 (5th Cir. 2012) ("When the Supreme Court utilizes its GVR power . . . it is not making a decision that has any determinative impact on future lower-court proceedings."). Notably, "[a] GVR does not bind the lower court to which the case is remanded; that court is free to determine whether its original decision is still correct . . . ."  *Id.* at 642.  Thus, the Supreme Court's GVR orders provide no support for Defendants' arguments here.  *See Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001) (rejecting a party's attempt to find support for its position in a GVR order because such orders do not constitute final determinations on the merits).

## CONCLUSION

For the reasons set forth above and in Plaintiffs' prior briefing, the Court should deny the motion to dismiss by Defendants Paxton, Young, Hellerstedt, and Freshour.

Dated:  August 14, 2020

Respectfully submitted,

/S/ Stephanie Toti

Stephanie Toti
646-490-1083
stoti@lawyeringproject.org
Amanda Allen*
646-490-1254
aallen@lawyeringproject.org
Juanluis Rodriguez*
646-490-1080
prodriguez@lawyeringproject.org
LAWYERING PROJECT
25 Broadway, Fl. 9
New York, NY 10004

Rupali Sharma*
LAWYERING PROJECT
197 Pine St., No. 23
Portland, ME 04102
908-930-6645
rsharma@lawyeringproject.org

*Admitted *pro hac vice*

Patrick J. O'Connell
LAW OFFICES OF PATRICK J. O'CONNELL, PLLC
5926 Balcones Dr., No. 220
Austin, TX 78731
512-852-5918
pat@pjofca.com

Dipti Singh*
LAWYERING PROJECT
3371 Glendale Blvd., No. 320
Los Angeles, CA 90039-1825
646-480-8973
dsingh@lawyeringproject.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2020, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/S/ Stephanie Toti*
Stephanie Toti