IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH ALLIANCE, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. 1:18-CV-00500-LY |
| KEN PAXTON, Attorney General of Texas, in his official capacity, *et al.*, | § § § § § | |
| Defendants. | § § | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

State Defendants,[1] by and through counsel, hereby provide this response to Plaintiffs' Notice of Supplemental Authority, Docket No. 92, pertinent to State Defendants' pending motion to dismiss, Docket No. 33.

Plaintiffs identify three recent decisions that they believe support their arguments that State Defendants' motion to dismiss should be denied. State Defendants

---

[1] Defendants Ken Paxton, Attorney General of Texas; Cecile Young, Executive Commissioner of the Texas Health and Human Services Commission; Dr. John W. Hellerstedt, Commissioner of the Texas Department of State Health Services; and Stephen Brint Carlton, Executive Director of the Texas Medical Board, were all sued in their official capacities. Ms. Young and Mr. Carlton were not originally named Defendants but are automatically substituted for their predecessors pursuant to Federal Rule of Civil Procedure 25(d).

1

will take each case in turn, showing that none of those decisions support Plaintiffs' position. This Court should grant State Defendants' motion to dismiss.

I. *Whole Woman's Health v. Paxton*, No. 17-51060, 2020 WL 6218657 (Oct. 13, 2020)[2]

On October 30, the Fifth Circuit sua sponte granted en banc review in this case, vacating the panel opinion. Order, *Whole Woman's Health v. Paxton*, No. 17-51060 (5th Cir., issued Oct. 30, 2020). The en banc Fifth Circuit will hear argument in January and presumably decide whether to follow Chief Justice Roberts's concurring opinion in *June Medical Services LLC v. Russo*, 140 S. Ct. 2103 (2020), which rejected the benefits/burdens balancing test relied on by Plaintiffs here to sustain their lawsuit. As explained in Judge Willett's dissent to the now-vacated panel opinion, the Chief Justice's *June Medical* opinion is controlling—a holding also reached by the Sixth and Eighth Circuits. *Whole Woman's Health*, 2020 WL 6218657, at *12-*17 & n.56 (Willett, J., dissenting) (citing *EMW Women's Surgical Center, P.S.C. v. Friedlander*, No. 18-6161, 2020 WL 6111008 (6th Cir. Oct. 16, 2020), and *Hopkins v. Jegley*, 968 F.3d 912 (8th Cir. 2020)).

For the reasons described in State Defendants' prior briefing, the benefits/burdens language in *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2309 (2016), did not work a sea change in abortion precedent that would render nearly every abortion law in Texas, including many long-standing and commonsense regulations, un-

---

[2] Plaintiffs' citation is to the original opinion that was issued without Judge Willett's dissent. The updated opinion is found at the citation listed above.

constitutional. Docket No. 33 (State Defs.' Mot. to Dismiss) at 29-31. Plaintiffs' allegations fail to meet basic pleadings standards under any articulation of the undue-burden test and should be dismissed.

## II. *Whole Woman's Health All. v. Hill*, 1:18-CV-01904-SEB-MJD, 2020 WL 5994460 (S.D. Ind. Oct. 9, 2020)

Plaintiffs next cite a district court case from Indiana, which also purports to follow the balancing test from *Hellerstedt*. Even so, the court rejected many of the legal challenges brought by the plaintiffs in that case—legal challenges that closely resemble those brought here. *Whole Woman's Health All.*, 2020 WL 5994460, at *55 (summarizing claims granted and denied). As the court explained, even under its view of *Hellerstedt*, the burdens must be "substantial," and the benefits must be "nil" or "*de minimus*" before a law may be declared unconstitutional. *Id.* at *29.

Plaintiffs also point out that the Indiana court rejected the defendants' standing arguments. But (1) the defendants did not make the same standing arguments that are made here, *id.* at *3 (describing argument that plaintiff-physician did not actually have patients in Indiana), and (2) binding Fifth Circuit precedent requires Plaintiffs to include specific standing allegations that articulate how each law injures them or their patients such that an injunction would remedy the injury. *In re Gee*, 941 F.3d 153, 161-65 (5th Cir. 2019) (per curiam). Plaintiffs have not done so here.

## III. *Adams & Boyle, P.C. v. Slatery*, 3:15-CV-00705, 2020 WL 6063778 (M.D. Tenn. Oct. 14, 2020)

Finally, Plaintiffs cite a Tennessee district court for the proposition that waiting periods can be unconstitutional despite the Supreme Court's decision that upheld a waiting period in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505

3

U.S. 833, 885-87 (1992) (plurality op.). The Tennessee court's decision was issued two days prior to the Sixth Circuit's decision in *EMW Women's Surgical Center*, 2020 WL 6111008, which held that Chief Justice Roberts's opinion in *June Medical* was controlling. Moreover, whether a group of Tennessee plaintiffs has proven an undue burden has no bearing on whether Plaintiffs in this case have alleged facts demonstrating an undue burden. As explained in the State Defendants' reply in support of their motion to dismiss, Plaintiffs' allegations here are no different than the district court's findings in *Casey*—findings that were insufficient to hold the law unconstitutional. Docket No. 46 (State Defs.' Reply in Support of Mot. to Dismiss) at 18. Because Plaintiffs have not pleaded anything different than *Casey*, their claims should be dismissed.

## CONCLUSION

Pursuant to the arguments and authority already briefed, the Court should grant the State Defendants' motion and dismiss Plaintiffs' case in its entirety.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief, General Litigation Division

  */s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Texas Bar No. 24075241
Assistant Attorney General

**BETH KLUSMANN**
Texas Bar No. 24036918
Assistant Solicitor General

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov
beth.klusmann@oag.texas.gov

***Counsel for Defendants Ken Paxton,
Cecile Young, Dr. John W. Hellerstedt, and
Stephen Brint Carlton***

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2020, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Patrick J. O'Connell<br>LAW OFFICES OF PATRICK J. O'CONNELL PLLC<br>2525 Wallingwood Dr., Bldg. 14<br>Austin, TX 78746<br>(512) 222-0444<br>pat@pjofca.com | Stephanie Toti<br>stoti@lawyeringproject.org<br>Amanda Allen<br>aallen@lawyeringproject.org<br>Juanluis Rodriguez<br>prodriguez@lawyeringproject.org |
| Dipti Singh<br>LAWYERING PROJECT<br>811 W 7th. St., Fl. 12<br>Los Angeles, CA 90017<br>(646)480-8973<br>dsingh@lawyeringproject.org | LAWYERING PROJECT<br>25 Broadway, 9th Floor<br>New York, NY 10004<br>(646) 490-1083<br>Fax: (646) 480-8762 |

TRAVIS COUNTY ATTORNEY
Anthony J. Nelson, Assistant County Attorney
P.O. Box 1748
Austin, TX 78767
(512) 854-9415
Fax: (512) 854-4808
tony.nelson@traviscountytx.gov

                                                   */s/ Benjamin S. Walton*
                                               **BENJAMIN S. WALTON**
                                               Assistant Attorney General